**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| OSCAR MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF WAUKEGAN and OFFICER KENNETH J. PITON, in his individual capacity,<br><br>Defendants. | ) | Case No. 20 CV 4222 |

## COMPLAINT

Plaintiff, Oscar Martinez, by his attorney, Arlo Walsman of the Arlo Law Office, hereby brings the following Complaint against Defendants the City of Waukegan ("Waukegan") and Officer Kenneth J. Piton ("Piton").

## FACTS COMMON TO ALL COUNTS

### I. Parties, Jurisdiction, and Venue

1. Plaintiff brings federal and state law claims against Defendants for violating his Fourth Amendment right to be free from unreasonable seizures and for subjecting him to unreasonable and excessive force when making an arrest. Plaintiff also brings a state law claim against Defendant Piton for malicious prosecution.

2. Plaintiff is a resident of Waukegan, Lake County, Illinois

3. Defendant Waukegan is a municipal corporation in Lake County, Illinois.

4. Upon information and belief, Defendant Piton is a resident of Waukegan, Lake County, Illinois. Defendant Piton is sued in his individual capacity.

5. At all times relevant to this Complaint, Defendant Piton was an Officer of the Waukegan Police Department and an employee of Defendant Waukegan.

6. At all times relevant to this Complaint, Defendant Piton was acting in the course and scope of his duties as a police officer and employee of Waukegan Police Department.

7. This Court has jurisdiction over Plaintiff's federal claim pursuant to 28 U.S.C. 1331 and 42 U.S.C. 1983.

8. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

9. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. 1391(b) because Defendants are residents of Illinois and because the Northern District of Illinois is the judicial district in which the events giving rise to Plaintiff's claims occurred.

## II. Defendant Piton's Excessive Force Against Plaintiff

10. On July 21, 2019, Plaintiff was in the backyard of a residence at or near 830 Adams Street in Waukegan, Illinois.

11. On July 21, 2019, Defendant Piton was on duty and responded to a call of suspected criminal activity in the rear alley of the 800 block of Adams Street in Waukegan Illinois.

12. On July 21, 2019, Officer Peter Lyons of the Waukegan Police Department also responded to a call of suspected criminal activity in the rear alley of the 800 block of Adams Street in Waukegan Illinois.

13. Upon Defendant Piton and Officer Lyons' arrival to the rear alley of the 800 block of Adams Street, they entered the backyard of a residence at or near 830 Adams Street and approached Plaintiff.

14. Officer Lyons then asked Plaintiff for his name and identification.

15. When Plaintiff did not provide any identifying information to Officer Lyons, Officer Lyons seized Plaintiff and locked his hands behind his back with handcuffs on his wrists.

16. Defendant Piton then grabbed Plaintiff by his left arm and moved him next to the rear passenger's side of a black SUV that was parked in the driveway in the backyard of the residence at 830 Adams Street.

17. Defendant Piton then threw Plaintiff onto the ground.

18. The ground where Defendant Piton threw Plaintiff constituted an obvious danger to Plaintiff, in that there were several tires with exposed metal rims on the ground.

19. As Plaintiff fell, he struck his head on the rim of a tire, splitting is scalp open.

20. At all times relevant to this Complaint, Plaintiff was polite, cooperative, and respectful towards Defendant Piton and Officer Lyon.

21. At no time did Plaintiff resist or obstruct Defendant Piton or Officer Lyons.

22. After Defendant Piton threw Plaintiff to the ground, Plaintiff was transported for booking.

## III. Defendant Piton's Malicious Prosecution of Plaintiff

23. After Defendant Piton threw Plaintiff to the ground, he wrote and signed two criminal complaints charging Plaintiff with resisting a police officer and obstructing a police officer in violation of 725 ILCS 5/31-1(a). Exhibits 1 and 2.

24. Plaintiff was subsequently criminally prosecuted by the Lake County State's Attorney's Office for resisting a peace officer in violation of 725 ILCS 5/31-1(a).

25. On January 13, 2020, the criminal charges against Plaintiff were terminated in his favor via entry of a nolle prosequi order. Exhibit 3.

## COUNT 1

**Plaintiff v. Defendant Piton (42 U.S.C. 1983, Excessive Force in Making an Arrest)**

1-25. Plaintiff realleges and incorporates paragraphs 1-25 of his Complaint as if fully set forth herein.

26. On July 21, 2019, Defendant Piton used unreasonable force during the arrest of Plaintiff in violation of his Fourth Amendment rights.

27. The force Defendant Piton used against Plaintiff was unreasonable because:

(a) The severity of the crime that Plaintiff was suspected of committing was minor and nonviolent.

(b) Plaintiff did not pose any threat to the safety of Defendant Piton, other officers at the scene, or other individuals at the scene.

(c) Plaintiff never resisted arrest or attempted to flee the scene.

(d) Prior to being thrown onto the ground, Plaintiff had been handcuffed with his hands behind his back and searched for contraband.

(e) Plaintiff was cooperative, polite, and respectful towards Defendant Piton and the other police officers on the scene at all times.

(f) The level of forced used by Defendant Piton was not necessary to arrest Plaintiff or to protect police officers or members of the public from harm.

28. At all times relevant to this Complaint, Defendant Piton acted under color of law.

29. On July 21, 2019, Plaintiff's right to be free from the type of excessive force that Defendant Piton used was clearly established.

30. Defendant Piton's conduct was motivated by an evil motive or intent and involved a reckless and callous indifference to Plaintiff's federally protected right to be free from excessive and unreasonable force during an arrest.

31. As a direct and proximate result of Defendant Piton's excessive force against Plaintiff, Plaintiff sustained damages, including but not limited to bodily injuries, pain and suffering, disability, loss of normal life, medical expenses, and emotional distress.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Piton, plus punitive damages, costs, and attorney's fees, along with any other relief deemed fair and just.

**COUNT 2**

**Plaintiff v. Defendant Piton (Battery)**

1-31. Plaintiff realleges and incorporates paragraphs 1-31 of his Complaint as if fully set forth herein.

32. Defendant Piton intentionally caused an unlawful, offensive, and harmful contact with Plaintiff's person when he threw Plaintiff to the ground.

33. Defendant Piton did in fact make an unlawful, offensive, and harmful contact with Plaintiff's person when he threw Plaintiff to the ground.

34. Defendant Piton's conduct was willful and wanton in that he engaged in a course of action that showed actual or deliberate intent to harm Plaintiff, and because he consciously disregarded Plaintiff's safety.

35. Defendant Piton's conduct was willful and wanton in that he ignored a plainly dangerous condition of the driveway when throwing Plaintiff to the ground.

36. As a direct and proximate result of Defendant Piton throwing Plaintiff to the ground, Plaintiff was injured and sustained damages, including but not limited to bodily injuries, pain and suffering, disability, loss of normal life, medical expenses, and emotional distress.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Piton, plus punitive damages, costs, and attorney's fees, along with any other relief deemed fair and just.

**COUNT 3**

**Plaintiff v. Defendant Waukegan (Battery, Respondeat Superior)**

1-36. Plaintiff realleges and incorporates paragraphs 1-36 of his Complaint as if fully set forth herein.

37. On July 21, 2019, Defendant Waukegan controlled and had a right to control Defendant Piton's conduct.

38. Defendant Piton's conduct in throwing Plaintiff to the ground fell within the scope of his employment as a police officer.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Waukegan, plus punitive damages, costs and attorney's fees, along with any other relief deemed fair and just.

**COUNT 4**

**Plaintiff v. Defendant Piton (Malicious Prosecution)**

1-38. Plaintiff realleges and incorporates paragraphs 1-38 of his Complaint as if fully set forth herein.

39. Defendant Piton initiated criminal charges against Plaintiff by writing and signing two criminal complaints charging Plaintiff with resisting a police officer and obstructing a police officer in violation of 725 ILCS 5/31-1(a). *See* Exhibits 1 and 2.

40. The criminal charges against Plaintiff were terminated in his favor. *See* Exhibit 3.

41. At the time Defendant Piton authored the complaints charging Plaintiff with crimes, there was no probable cause for the charges.

42. Defendant Piton acted with malice in charging Plaintiff with crimes in that he only charged Plaintiff in a false attempt to justify throwing Plaintiff to the ground.

43. Defendant Piton acted with malice in charging Plaintiff with crimes in that there was no probable cause for the charges.

44. Defendant Piton's malicious prosecution of Plaintiff was intentional.

45. Defendant Piton's conduct was willful and wanton in that he engaged in a course of action that showed actual or deliberate intent to harm Plaintiff, and a conscious disregard for Plaintiff's safety.

46. Defendant Piton's conduct was willful and wanton in that he ignored a substantial risk of harm to Plaintiff by being wrongfully prosecuted for criminal offenses.

47. As a direct and proximate result of Defendant Piton's malicious prosecution of Plaintiff, Plaintiff suffered special damages in that he had to hire a criminal defense attorney to defend him against the charged crimes.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Piton, plus punitive damages, costs and attorney's fees, along with any other relief deemed fair and just.

**COUNT 5**

**Plaintiff v. Defendant Waukegan (Malicious Prosecution, Respondeat Superior)**

1-47. Plaintiff realleges and incorporates paragraphs 1-47 of his Complaint as if fully set forth herein.

48. On July 21, 2019, Defendant Waukegan controlled and had a right to control Defendant Piton's conduct.

49. Piton's conduct in prosecuting Plaintiff fell within the scope of his employment as a police officer.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Waukegan, plus punitive damages, costs and attorney's fees, along with any other relief deemed fair and just.

**COUNT 6**

**Plaintiff v. Defendant Piton (Willful and Wanton Negligence)**

1-49. Plaintiff realleges and incorporates paragraphs 1-49 of his Complaint as if fully set forth herein.

50. On July 21, 2019, Defendant Piton owed Plaintiff a duty of ordinary care.

51. On July 21, 2019, Defendant Piton breached the duty of ordinary care he owed Plaintiff by committing one or more of the following negligent acts and omissions:

(a) Throwing Plaintiff to the ground.

(b) Using more force than was necessary during Plaintiff's arrest.

(c) Failing to observe the dangerous condition of the ground prior to throwing Plaintiff to the ground.

(d) Failing to observe the risk of great bodily harm to Plaintiff by throwing him to the ground with his arms handcuffed behind his back.

(e) Was otherwise careless or negligent.

52. Defendant Piton's conduct was willful and wanton in that he showed an utter indifference to and conscious disregard for Plaintiff's safety.

53. As a direct and proximate result of Defendant Piton's willful and wanton conduct, Plaintiff sustained damages, including but not limited to bodily injuries, pain and suffering, disability, loss of normal life, medical expenses, and emotional distress.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Piton, plus punitive damages, costs, and attorney's fees, along with any other relief deemed fair and just.

**COUNT 7**

**Plaintiff v. Defendant Waukegan (Willful and Wanton Negligence, Respondeat Superior)**

1-53. Plaintiff realleges and incorporates paragraphs 1-53 of his Complaint as if fully set forth herein.

54. On July 21, 2019, Defendant Waukegan controlled and had a right to control Defendant Piton's conduct.

55. Defendant Piton's conduct towards Plaintiff fell within the scope of his employment as a police officer.

Wherefore, for all the foregoing reasons, Plaintiff respectfully asks this Court to enter judgment in his favor and against Defendant Waukegan, plus punitive damages, costs and attorney's fees, along with any other relief deemed fair and just.

**COUNT 8**

**Plaintiff v. Defendant Waukegan (Indemnification Pursuant to 745 ILCS 10/9-102)**

1-55. Plaintiff realleges and incorporates paragraphs 1-55 of his Complaint as if fully set forth herein.

56. 745 ILCS 10/9-102 provides in part that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any

associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."

57. Pursuant to 745 ILCS 10/9-102, Plaintiff demands that Defendant Waukegan indemnify Defendant Piton by paying any judgment or settlement, including any award of attorney's fees and costs, for compensatory and punitive damages for which Defendant Piton is liable

Wherefore, for all the foregoing reasons, Plaintiff respectfully requests that this Court enter an order directing Defendant Waukegan to pay any judgment or settlement, including any award of attorney's fees and costs, for compensatory damages and punitive damages for which Defendant Piton is liable, along with any other relief deemed fair and just.

Respectfully Submitted,

By: /s/ ARLO WALSMAN

Arlo Law Office
Attorney for Plaintiff
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
(312) 313-0035
arlo@arlolawoffice.com
Attorney No. 6321684